## Case No. 5,558.

### GOODYEAR v. BISHOP et al.

[4 Blatchf. 438; 2 Fish. Pat. Cas. 96.] [1]

Circuit Court, S. D. New York. Aug. 17, 1860.

PATENTS—INFRINGEMENT — SUIT FOR BENEFIT OF EXCLUSIVE LICENSEE—INDEMNITY AGAINST COSTS—NOMINAL PLAINTIFF.

1. Where an action at law for the infringement of letters patent is brought in the name of the holder of the legal title to the patent, but for the benefit or a party who is an exclusive licensee, under the patent, of the right to make a particular article, the suit will not be discontinued on the application of the defendant and the consent of the nominal plaintiff.

[Cited in Nelson v. McMann, Case No. 10,109; Brush-Swan Electric Light Co. v. Thomson-Houston Electric Co., 48 Fed. 226; Brush Electric Co. v. Electric Imp. Co. of San José, 49 Fed. 74; Same v. California Electric Light Co., 3 C. C. A. 368, 52 Fed. 961.]
[Cited in Jackson v. Allen, 120 Mass. 77.]

2. The nominal plaintiff may claim indemnity against costs, and the court, on a proper application, will provide for it.

This was a motion by the defendants [James Bishop and others], founded on the consent of the nominal plaintiff [Charles Goodyear], to have an order entered discontinuing this suit, which was an action at law for the infringement of letters patent [No. 3,633] granted to the plaintiff [June 15, 1844, and reissued (No. 156), December 25, 1849], for improvements in the manufacture of India-rubber.

George C. Goddard, Francis B. Cutting, and William Curtis Noyes, for plaintiff.

James T. Brady and George Gifford, for defendants.

NELSON, Circuit Justice. The motion is resisted on the ground that the suit is brought in the plaintiff's name for the benefit of his licensees, the Union India-Rubber Company. This company is the owner of an exclusive right to the patent of Goodyear for making wearing apparel out of vulcanized India-rubber. A suit at law to protect this right, is properly brought in the name of the patentee. See Goodyear v. McBurney [Case No. 5,574]. In that case, the defendants set up a release of Goodyear, and the court permitted the parties in interest to answer the release by showing their interest, and notice of the same to the defendants before the release. The principle there held governs this case.

Whether the interest of the licensees is technically an assignment at common law, or by the patent act [of 1836 (5 Stat. 117)], we hold it not important in the application of the principle. It is sufficient they possess such a right under the patentee as entitles them to the protection sought, and of that there can be no doubt. We agree that the nominal plaintiff may claim indemnity against costs, which, on a proper application, would be provided for by the court.

It is said that Goodyear, or those representing him, has stipulated to sue infringers, and that the remedy of the licensees is on this covenant. But, if so, the stipulation does not necessarily take from the party his remedy which the law has provided for him by proceeding directly against the wrong doer.

The motion is denied, with costs. Let this rule be entered nunc pro tunc, as of November 7, 1859, Goodyear having died since motion.

[Subsequently, on the trial, the jury found a verdict for the plaintiff. Case No. 5,559.]

[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]