**REED v. SWIFT & CO.**

**No. 6771.**

United States District Court
W. D. Missouri, W. D.

June 18, 1953.

Marcy K. Brown, Jr. and Ben F. Pener, Kansas City, Mo., for plaintiff.

Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

This case has been before the court for a long time. Sundry motions have been heretofore filed and decided by the court. Under the authorities the plaintiff was required so to amend her complaint as to make it sound in tort and not in contract. D.C., 14 F.R.D. 145. This has been done.

Plaintiff's amended complaint, however, asserts that she was furnished deleterious substance known as "Boxcar Laundry Powder", and that it was manufactured by the defendant for the use to which she put it. The pertinent averments of the complaint are that such substance "contained inherent defects; that said defects were not known to plaintiff and were not discoverable by an ordinary inspection of said powder; that said powder contained poisonous, toxic, dangerous, unsafe and irritant chemicals and substances, *the exact nature of which plaintiff at this time is unable to state, etc."* (Emphasis mine.)

The records in the case show that heretofore the court has required the defendant to furnish the plaintiff or her counsel samples of the substance used and otherwise provide the plaintiff with such information as would enable her to determine what the chemicals were, what the deleterious substance was that entered into the material used.

Under the circumstances this is not and could not be a res ipsa loquitur case.

Under all of the authorities it is the rule that if facts are stated which justify the application of the res ipsa loquitur rule, then no assignment of specific negligence is necessary. Leeper v. National Lead Co., D.C., 42 F.Supp. 121.

Since it is not a res ipsa loquitur case, then the plaintiff is bound by the rule which requires a statement of facts and not mere conclusions of the petitioner. As said in Thompson v. Farmers Exchange Bank, 333 Mo. 437, 62 S.W.2d 803, loc.cit. 810, by Judge Ferguson, speaking for the Supreme Court of Missouri, and in quoting from National Hollow Brake Beam Co. v. Bakewell, 224 Mo. 203, 213, 123 S.W. 561, loc.cit. 562:

"* * * 'but this court has uniformly held that the petition * * * must state the facts on which the pleader expects to recover. It will not suffice to plead conclusions of law or the conclusions of the pleader unsupported by the allegation of issuable facts.' "

Again, it was said, in Degener v. Hartford Accident & Indemnity Co., 3 Cir., 92 F.2d 959, loc.cit. 961:

"The pleader's conclusions of law or fact, unsupported by the basic facts, will not do; and such basic facts must be alleged, not left to inference."

This rule is fundamental and is supported by 71 C.J.S., Pleading, § 13, p. 34.

In the case of Harrington v. Denny, D.C., 3 F.Supp. 584, loc.cit. 594, the late Judge

Otis said, in considering a somewhat similar averment:

"It must be conclusively presumed that the judgment was based upon evidence supporting it. *The allegation in the bill that it was not supported by any evidence is a mere conclusion.*" (Emphasis mine.)

The plaintiff has all of the information about the alleged deleterious substance complained against and is in a position to allege precisely what the chemical substance and irritant was that caused her hurt. And since these basic averments are omitted, it seems conclusive that the plaintiff would be unable to prove that the substance did in fact contain injurious elements.

Under such circumstances, the defendant's motion to dismiss should be sustained, and it will be so ordered.