Elizabeth P. LANGE,
Plaintiff-Respondent,

v.

Richard M. MARSHALL,
Defendant-Appellant.

No. 41734.

Missouri Court of Appeals,
Eastern Division,
Division Four.

June 16, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

John J. Horgan, St. Louis, for defendant-appellant.

J. B. Carter, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment based upon a jury verdict against him in the amount of $74,000. Plaintiff's action was based upon the alleged negligence of defendant as a lawyer in his representation of her in the dissolution of her marriage.

Defendant was a close personal friend of plaintiff and her former husband, Ralph Lange. When the couple reached a decision to terminate their twenty-five year old marriage, each separately approached defendant. He advised each that he would not represent one against the other, but that if they could agree on the terms of their dissolution, he would represent them jointly and prepare the necessary papers to effectuate the dissolution. Plaintiff, ill with lupus eryethemathosis, had herself admitted to the psychiatric ward of a hospital because of depression arising from her marital problems. During this admission she

and her husband discussed the terms of the dissolution. A conference was held at the hospital with plaintiff, her husband, and defendant present. At that time the terms of a settlement stipulation were agreed to and subsequently put into final form by defendant. The stipulation and joint petition for dissolution were signed the day plaintiff left the hospital, three days after the hospital conference. The documents were filed the next day and the petition for dissolution was heard by a circuit judge four days later. The judge took the matter under submission and stated that he would not enter a judgment for thirty days. Within that period plaintiff had second thoughts about the settlement provisions of the stipulation and sought legal counsel.[1] The husband also sought legal counsel and defendant withdrew from the case and from any further discussions with the parties concerning it. Upon motion the matter was taken off submission, and 10 months later, following considerable discovery, was disposed of by a settlement more favorable to plaintiff. The degree to which the settlement was more favorable is strongly disputed by the parties—plaintiff contending it was substantially more favorable, defendant that it was slightly better. The record does not support a conclusion either way.

Plaintiff's charges of negligence were that defendant failed to (1) inquire as to the financial state of Ralph Lange and advise plaintiff; (2) negotiate for a better settlement for plaintiff; (3) advise plaintiff she would get a better settlement if she litigated the matter; and (4) fully and fairly disclose to plaintiff her rights as to marital property, custody and maintenance. Defendant admitted that he did none of these things and contended that he had no duty to do them. He asserted that because he undertook to represent the parties as a mediator, a status disclosed fully to both parties, that he felt it would be improper for

him to do any of the four things claimed to be negligence as it would place him in the position of an advocate for one party or the other.[2] We need not resolve the exact nature of defendant's status nor the duties which that status imposed upon him. For purposes of this opinion we will assume that defendant's status imposed upon him one or more of the claimed duties and that he breached that or those duties.

■ Accepting therefore the proposition of defendant's negligence we are unable to find that plaintiff sustained any damage as a proximate result of that negligence. Negligence alone does not warrant a recovery for plaintiff. There must also be damage proximately resulting therefrom. *Mitchell v. Transamerica Ins. Co.,* 551 S.W.2d 586 (Ky.App.1977) [2]. While the question of proximate cause is usually for the jury, in rare cases and under clear and compelling circumstances, the question becomes one of law for the court. *Carter v. Boys Club of Greater Kansas City,* 552 S.W.2d 327 (Mo.App.1977) [4–6]. Where the evidence connecting the injury to the negligence amounts to mere conjecture and speculation the court must not allow the case to be submitted to the jury and a contention that the evidence did not make a submissible case should be sustained. *Pizzurro v. First North County Bank and Trust Co.,* 545 S.W.2d 348 (Mo.App.1976) [3–5]. It is plaintiff's burden to establish that the negligence of defendant proximately resulted in damages to her. *National Hollow Brake Beam Co. v. Bakewell,* 224 Mo. 203, 123 S.W. 561 (1909); *Gabbert v. Evans,* 184 Mo.App. 283, 166 S.W. 635 (1914) [10–12]; *Roehl v. Ralph,* 84 S.W.2d 405 (Mo.App. 1935) [2, 3]; *Underwood v. Woods,* 406 F.2d 910 (8 Cir. 1969); *Mathein v. Seawell,* 199 F.2d 953 (4 Cir. 1952); *Mitchell v. Transamerica Ins. Co., supra; Becher v. Julien, Blitz & Schlesinger, P. C.,* 95 Misc.2d 64, 406 N.Y.S.2d 412 (N.Y.Sup.1977) [2, 3].

---

1. Plaintiff testified that from the time of her hospitalization until after the hearing, she was so emotionally distraught and so medicated that she didn't understand what was happening. There was substantial testimony to the contrary.

2. The parties disagree as to the nature of the obligation defendant undertook. It is clear that he advised both parties that he would not represent either as an advocate. Although the terms "arbitrator" and "negotiator" were also used in the parties' conversations, "mediator" would appear to be the proper term to apply to defendant's role.

Plaintiff's claimed damages were for 10 months lost maintenance payments (which Ralph Lange discontinued *after* plaintiff obtained counsel and repudiated the original settlement), fees for accountants and private investigators (necessary to prepare for litigating a better settlement *after* she repudiated the original agreement), apartment rent, federal and state taxes, medical charges (which Ralph Lange agreed to pay in the original agreement and refused to pay *after* it was repudiated), and legal fees of $45,000 based upon a contingent fee contract with her attorneys handling the dissolution proceeding.[3]

■ There is no evidence in the record that had defendant done the things plaintiff contends he did not do that these items of expense would not have been incurred in order for plaintiff to achieve the settlement she considered proper. There is no evidence in the record that Ralph Lange would have voluntarily agreed to a settlement acceptable to plaintiff had defendant done the things he admittedly did not do. If anything the evidence is to the contrary. Ralph Lange testified that he intended to be fair with plaintiff but that her idea of fairness, and her attorney's idea of fairness, did not comport with his. The evidence established that plaintiff had substantial income producing assets in her own name which had come to her through large gifts from Ralph Lange's father. The evidence also established that most of the assets in Ralph Lange's name were also gifts from his father and at least arguably did not constitute marital property. There was no evidence of Ralph Lange's income or the extent to which it represented income from gifts.

It is the rankest conjecture and speculation to conclude that Ralph Lange's willingness to settle the marital affairs without litigation on the basis of the original settlement established his willingness to settle without litigation at a higher figure acceptable to plaintiff. Plaintiff states in her brief that it is "obvious" that upon proper representation by defendant she would have received a far more beneficial settlement in a non-contested dissolution. She points to no evidence to support this conclusion and its "obviousness" eludes us. The parties agreed that defendant was not representing plaintiff as an advocate but in a mediation position. The ten months of heated litigation (following plaintiff's repudiation of the settlement) after both parties had obtained counsel and were fully aware of their respective rights belies the "obviousness" of plaintiff's conclusion.

Plaintiff failed to establish any damages proximately caused by defendant's claimed negligence.

Judgment reversed.

SATZ, P. J., and SIMON, J., concur.

---

**3.** This contingent fee contract in a dissolution case was void as against public policy. *Shanks* *v. Kilgore,* 589 S.W.2d 318 (Mo.App.1979).