MISSOURI PACIFIC RAILROAD CO. *v.* DAVID, ADMINISTRATRIX.

No. 365.    Argued January 20, 1932.—Decided February 15, 1932.

*Mr. Leslie A. Welch,* with whom *Messrs. Edward J. White* and *Thomas Hackney* were on the brief, for petitioner.

*Mr. C. A. Randolph,* with whom *Mr. Horace Guffin* was on the brief, for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

While employed by petitioner, Railroad Company, and charged with the duty of protecting its trains against robbers, James Lee David was murdered in the night of May 17th, 1923. His administratrix sued for damages under the Federal Employers' Liability Act in the Circuit Court, Jackson County, Missouri, and obtained a favorable verdict. Judgment thereon was affirmed by the Supreme Court. The cause is here upon writ of certiorari.

Often during the months prior to April, 1923, the petitioner suffered losses through depredations by organized bands of robbers upon freight trains in and near Kansas City, Missouri. It determined to make special efforts to frustrate further attacks by the culprits and, if possible, cause their apprehension. To this end, on April 1st, 1923, it employed David to act as a " train rider " or guard for its cars. He had had experience in similar undertakings.

Also, he was carefully advised concerning the probable danger. He was told that the robbers were desperate men who "would shoot him just as quick as they saw him." He carried a pistol and sawed-off shotgun "for the purpose of defending himself and the company's property." When asked "Whether you will fight these fellows or not?" he replied "I will fight them until I die."

Subsequent to David's employment, in order to strengthen its efforts towards frustration and to secure arrests, petitioner employed McCarthy, known to be associated with one of the criminal bands, who agreed, when possible, to furnish advance information of intended depredations, aid in locating stolen goods, etc. "His instructions were that he was to get us word [through the telephone] before the robbery was committed, if he could, if not, to give us information as soon as he could after the robbery had been committed."

The theory upon which respondent recovered below is that, while acting for petitioner, McCarthy knew of a plan to rob the train to which David was assigned on May 17th, and in violation of his duty negligently failed to notify his superior officer,—that because of such negligence, David received no notice of the plan, although he had the right to rely upon being supplied with such information in order to prepare to cope with the brigands on equal terms. As a consequence, he failed to take the necessary precautions and exposed himself to being shot.

The established rule is that in proceedings under the Federal Employers' Liability Act assumption of the risk is an adequate defense. *Seaboard Air Line Ry* v. *Horton,* 233 U. S. 492; *Boldt* v. *Pennsylvania R. Co.,* 245 U. S. 441, 445; *Chesapeake & Ohio Ry. Co.* v. *Nixon,* 271 U. S. 218; *St. Louis-San Francisco Ry. Co.* v. *Mills,* 271 U. S. 344; *Atlantic Coast Line R. Co.* v. *Southwell,* 275 U. S. 64; *Toledo, St. Louis & Western R. Co.* v. *Allen,* 276 U. S. 165.

Under the circumstances disclosed by the record, clearly, we think, David assumed the risk of the default which, it is said, resulted in his death. He understood the nature of his employment and the incident dangers. He well knew that he was subjecting himself to murderous attacks by desperadoes. There was no promise to give him special warning or protection. Even if he had knowledge of McCarthy's employment (and this is far from certain), he must have appreciated the utter unreliability of the man and the probable inability of the master to obtain timely information through such a medium. He could not properly expect to be protected against criminals, whom he was employed to fight, through treachery by one of their associates. The common employer, notwithstanding efforts to obtain warning, actually knew nothing of the criminal plan. If we accept respondent's view of the facts, David assumed the risk of the negligent action of which complaint is now made.

We need not consider any other point advanced in behalf of the petitioner.

The judgment of the court below must be reversed. The cause will be remanded for further proceedings not inconsistent with this opinion.

*Reversed.*