**Rina PIZZURRO, Plaintiff-Appellant,**

**v.**

**FIRST NORTH COUNTY BANK AND TRUST COMPANY, a corporation, Defendant-Respondent.**

**No. 37317.**

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 16, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Dec. 20, 1976.

Application to Transfer Denied Feb. 14, 1977.

W. W. Sleater, Clayton, for plaintiff-appellant.

John J. Horgan, St. Louis, Clifford L. Goetz, Clayton, Martin Schiff, Jr., Webster Groves, for defendant-respondent.

DOWD, Judge.

This is an appeal from a directed verdict adverse to the appellant for her failure to make a submissible case against the defendant. Plaintiff alleged that she sustained injuries in the defendant's bank as a result of being struck by a third person (her husband) when the defendant negligently failed to protect her against the actions of the third party.

Plaintiff, officer of a corporation, went to the defendant bank to meet her husband, a

fellow officer in the corporation. Plaintiff's husband was to deposit corporate funds which he had previously failed to deposit. Her husband, anticipating possible problems, asked a bank official to let him out the back door. The bank official, in order to accommodate plaintiff's husband, called the bank guard to escort the husband out the back door. When plaintiff became suspicious that her husband was going to leave the bank with the undeposited funds, the wife requested the bank's telephone operator to call the local police.

The operator did not place the call until a second request was made by the plaintiff about ten minutes later. After the second request, the plaintiff saw her husband leaving the bank and attempted to stop him. When she placed her hand on his arm, the husband swiped her with his elbow, knocking her unconscious and causing injury. Plaintiff alleged that the operator was negligent in not calling the police after her first request, and such negligence was the proximate cause of her injuries.

■ In Missouri, the owner of a business property is not liable for misconduct or negligent acts of third persons unless they are acting under direction or control of the owner, or where their actions could have been reasonably anticipated and guarded against. *Rush v. Townsend and Wall Company*, 343 S.W.2d 44, 50[7] (Mo.1961). Examining the evidence in the light most favorable to the plaintiff, the evidence shows that neither the plaintiff nor the defendant bank had any knowledge or information which would indicate that any sort of violent disturbance might take place until a brief period before the incident. Cases cited by the appellant in her brief in support of her claim of liability indicate that where a third person caused injuries, the activities which caused the injury had commenced at least 30 minutes previous to the injury and the defendant was put on specific notice of possible impending danger. *Greeley v. Miller's Inc.*, 111 Conn. 584, 150 A. 500 (1930); *McFadden v. Bancroft Hotel Corp.*, 313 Mass. 56, 46 N.E.2d 573 (1943); *Rawson v. Massachusetts Operating Co.*, 328 Mass. 558,

105 N.E.2d 220 (1952); *Pfeiffer v. Standard Gateway Theater, Inc.*, 259 Wis. 333, 48 N.W.2d 505 (1951). Under the circumstances here, where there was no loud talking, threatening language or unusual physical movements, it cannot be said that the bank was given reasonable opportunity to anticipate a violent assault on plaintiff.

■ Even if it is assumed that defendant had sufficient time to anticipate and guard against the danger, the appellant failed to meet her burden of proving that the alleged negligence was the proximate cause of the plaintiff's injuries, an essential element of her case. *Lindsay v. Wille*, 348 S.W.2d 1, 4[4] (Mo.1961). This burden is not met if resort must be made to speculation. *Gottman v. Norris Construction Co.*, 515 S.W.2d 861, 864[2] (Mo.App.1974). "Where evidence connecting the injury with the alleged negligence amounts to mere speculation and conjecture, the court must not allow the case to be submitted to the jury. And in such an instance, a contention that the evidence did not make a submissible case should be sustained." *Gottman v. Norris Construction Co., supra* at 864[4]. The evidence demonstrates here that the proximate cause of plaintiff's injuries was not the operator's failure to phone the police, but plaintiff's attempt to stop her husband from leaving the bank by placing her hand on his arm. The appellant failed to present evidence at trial which would prove that even had the police been called at first request, they would either have arrived prior to the incident or would have been able to prevent the incident.

After careful review of the transcript of the proceeding, briefs and authorities, we conclude that the trial court acted properly in sustaining defendant's motion to dismiss.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.