Anita IRBY, Plaintiff-Appellant,

v.

ST. LOUIS COUNTY CAB COMPANY, a corporation, LaVerne Coffman, Frank Parker and Donald Smith, Defendants-Respondents.

No. 39270.

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 27, 1977.

Elmer C. Oberhellmann, St. Louis, for plaintiff-appellant; McBride & Simon, St. Louis, of counsel.

Armstrong, Teasdale, Kramer & Vaughan, John P. Emde, William J. Travis, Jeffrey D. Fisher, St. Louis, for defendants-respondents.

McMILLIAN, Judge.

Plaintiff-Appellant Anita Irby appeals from the order of the circuit court of the City of St. Louis sustaining the defendant-respondent's motion to dismiss with prejudice her fifth amended petition for failure to state a claim upon which relief can be granted.

On March 4, 1976, plaintiff filed her fifth amended petition seeking recovery for the wrongful death of her husband, Galen Irby, and naming as defendants, St. Louis County Cab Company, and LaVerne Coffman, Donald Smith, and Frank Parker, employees of the St. Louis County Cab Company. Plaintiff alleged in essence that (1) on December 17, 1974, Galen Irby, decedent, was working for the defendant, St. Louis County Cab Company as an "independent cab driver"; (2) on December 17, 1974, at 7:52 p. m., defendant through its agents, LaVerne Coffman, Donald Smith, and Frank Parker, dispatched the decedent to respond to a request for a taxi at 5616 Vernon Avenue in St. Louis, a known "high crime area"; (3) as a result of the business relationship between defendant and plaintiff's decedent, defendant had a duty to exercise ordinary care in dispatching the decedent into "high crime areas," and provide means to protect him from intentional criminal acts of third persons; (4) as a direct and proximate result of the negligence and carelessness of the defendant in dispatching the decedent to the "high crime area," and failing to provide means to protect him from intentional criminal acts of third persons, Galen Irby was murdered; (5) as a direct and proximate result of defendant's negligence and carelessness, plaintiff incurred $1200.00 burial expenses, and the loss of support

from her husband to the extent of $750,-000.00.

Count II realleged paragraphs 1 through 6 of Count I and is similar in every respect, except the plaintiff alleged in addition: (1) the duty of care arose as a result of a contractual agreement between the deceased and the defendant; and (2) by said agreement defendant owed a duty to exercise discretion in dispatching deceased to a high crime area.

Defendant St. Louis County Cab Company filed a motion to dismiss stating that plaintiff's fifth amended petition fails to state any facts which, if true, would indicate any negligence of the defendant; further as a matter of law, plaintiff's petition indicates the direct and proximate cause of decedent's death was not the events or occurrences which plaintiff claims to be the negligence of defendants; and even if defendant had failed to act as alleged, the death of the decedent would not have been prevented. Defendant contends in his motion that Count II should be dismissed because it is redundant, and purports to be based on contract which is not included as an action under the wrongful death statute.

By consent of the parties, the trial court considered the motions to dismiss of all the defendants and sustained the same for the reason that plaintiff's petition fails to state a claim upon which relief can be granted. This appeal followed.

Appellant raises two issues on appeal: (1) the trial court erred in dismissing plaintiff's fifth amended petition for failure to state a claim upon which relief could be granted, "because said petition clearly establishes a duty owing from defendant to plaintiff's decedent," and (2) the trial court erred "because said petition plainly sets forth sufficient facts to establish foreseeability and proximate cause."

■■ It is well settled in Missouri that a petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Laclede Gas Co. v. Hampton Speedway Co.*, 520 S.W.2d 625 (Mo.App.1975). In reviewing ". . . the sufficiency of a petition on a motion to dismiss, we give the averments a liberal construction and accord the petition those reasonable inferences fairly deducible from the facts stated." *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 929 (Mo.App.1976); *Scheibel v. Hillis*, 531 S.W.2d 285, 289 (Mo.1976).

■■ A petition seeking damages for actionable negligence must allege ultimate facts, which, if proven, show (1) existence of a duty on the part of the defendant to protect plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) injury to the plaintiff resulting from such failure. *Scheibel v. Hillis*, supra, at 288; *Stevens v. Wetterau Foods, Inc.*, 501 S.W.2d 494, 498 (Mo.App.1973); *Wise v. Towse*, 366 S.W.2d 506, 510 (Mo.App.1963). Therefore, if the allegations in plaintiff's petition, taken as true, do not satisfy the elements of actionable negligence as set out above, the trial court correctly dismissed the petition for failure to state a claim. *Dix v. Motor Market, Inc.*, supra, at 932.

■■ Appellant contends that her petition "clearly establishes a duty owing from the defendant to plaintiff's decedent." The existence of such a duty is essential to her cause of action. A duty to exercise care may not only be imposed by a controlling statute or ordinance or assumed by entering into a contractual relationship, but also may be imposed by common law under the circumstances of a given case. *Scheibel v. Hillis*, supra, at 288; *Zuber v. Clarkson Const. Co.*, 363 Mo. 352, 251 S.W.2d 52, 55 (1952). Where the existence of a duty is established, however, it is not one to protect against every possible injury which might occur. *Schlegel v. Knoll*, 427 S.W.2d 480 (Mo.1968). The duty of care is limited to the protection of one from reasonably foreseeable danger. The test of whether there is a likelihood of future events giving rise to a duty to take precautions to avoid it, ". . . is not the balance of probabilities, but of the existence of some probability of sufficient moment to induce the rea-

sonable mind to take the precautions which would avoid it. . . ." *Zuber v. Clarkson Constr. Co.*, supra, 251 S.W.2d at 55. It is said that, ". . . ordinarily, the duties imposed by the law of negligence arise out of circumstances and are based on foreseeability or reasonable anticipation that harm or injury is a likely result of acts or omissions. . . ." *Green v. Kahn*, 391 S.W.2d 269, 275 (Mo.1965).

Appellant's petition alleges that the defendant owed plaintiff's decedent a duty of ordinary care to exercise discretion in disbursing cabs into the city of St. Louis, where foreseeability of criminal acts by third persons were known or should have been known by the defendant to have a high frequency of occurring. The apparent thrust of this allegation is that the knowledge of a "high crime area" gives rise to a duty to take precautions against intentional criminal acts. It is true that in some circumstances, one may be charged with a duty of care to take precautions to protect others from intentional criminal acts or reckless conduct of third persons. See *Scheibel v. Hillis*, supra (duty to prevent injury when defendant knew of vicious propensities of third person and fact that third person knew of a loaded gun kept in the home of the defendant); *David v. Missouri Pac. RR Co.*, 328 Mo. 437, 41 S.W.2d 179 rev'd on other grounds, 284 U.S. 460, 52 S.Ct. 242, 76 L.Ed. 399 (1932) (failure to inform guard of impending robbery after defendant was notified through tip); *Charlton v. Jackson*, 183 Mo.App. 613, 167 S.W. 670, 671 (1914) (duty to prevent injury from reckless use of gun by third person). Such a duty arises, however, when one should realize through special facts within his knowledge or a special relationship that an act or omission exposes someone to an unreasonable risk of harm through the conduct of another. Second Restatement Law of Torts, 2d, § 302B and Comments; Prosser, Law of Torts, § 33, pp. 173–76 (4th ed. 1971).

We do not believe the facts as alleged imposed a duty of care upon the defendant to protect plaintiff's decedent against intentional criminal acts. The allegation of a "high crime area" does not ipso facto mandate this duty. Such intentional criminal conduct on the part of unknown third persons is not reasonably foreseeable when viewed in the light of common experiences, even in "high crime areas." As stated in Prosser, Law of Torts, supra, at 173:

"There is normally much less reason to anticipate acts on the part of others which are malicious and intentionally damaging than those which are merely negligent; and this is all the more true where, as is usually the case, such acts are criminal. Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law. . . ."

The appellant has failed to cite us to authority, nor has our research produced law which imposes such a duty on the facts as alleged. *Cf. Liljegren v. United Rys. of St. Louis*, 227 S.W. 925 (Mo.App.1921) (duty to protect passenger from intentional misconduct of third person); *Zuber v. Clarkson Constr. Co.*, supra (duty to protect public from misconduct of third persons in leaving dangerous instrumentality accessible with knowledge that people gather around the area). Therefore, we hold that as a matter of law, based upon the particular facts herein, defendant had no duty to protect plaintiff's decedent against the intentional criminal conduct of unknown third persons.

Appellant contends that the contractual arrangement by which her decedent was associated with the defendant gave rise to an increased duty of care. It is true that certain contractual arrangements may increase one's duty of care. See Second Restatement, Law of Torts, supra, 320B, Comment e, § B. No express agreement was incorporated into appellant's petition, therefore, any obligation arising from the contract must be implied. The duty owed to one in a special relationship may involve a somewhat different scope than one owed to a lay person. See Prosser, Law of Torts, supra, at 174; *David v. Missouri Pac. RR Co.*, supra. A master's duty to

protect a servant is at times greater when the risk involved becomes greater, but stated generally is limited by what injury is reasonably foreseeable. See Vol. 20, Mo. Digest, Master & Servant, ▮▮▮ *Crandall v. McGilvray*, 270 S.W.2d 793 (Mo.1954).

▮▮▮ In the case before us, we hold the duty implied from the contractual arrangement is also limited by foreseeability and therefore is no greater than the duty owed by operation of law.

▮▮▮ In view of our findings that as a matter of law, defendant had no duty to protect plaintiff's decedent from intentional criminal acts of unknown third parties, it is unnecessary for us to review the other elements constituting actionable negligence. As stated above, it is fundamental to tort law, that one plead and prove the requisite elements. The failure to satisfy one is fatal to the cause of action. The order of the trial court sustaining defendant's motion to dismiss for failure to state a claim upon which relief can be granted is affirmed.

Accordingly, judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.