**Pauline BROWN and George Brown, Plaintiffs-Appellants,**

v.

**NATIONAL SUPERMARKETS, INC., and Sentry Security Agency of St. Louis, Inc. and T.G. Watkins, Defendants-Respondents.**

**No. 48259.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 8, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 18, 1984.

Application to Transfer Denied Nov. 20, 1984.

Daniel C. Aubuchon, St. Louis, for plaintiffs-appellants.

Ben Ely, St. Louis, for Nat. Supermarkets, Inc.

Sam P. Rynearson, St. Louis, for Sentry Sec. Agency, et al.

KAROHL, Presiding Judge.

Plaintiff-appellants Pauline and George Brown appeal from a summary judgment in favor of the three defendants, National Super Markets (National), Sentry Security Agency (Sentry) and T.G. Watkins, a security guard, employed by Sentry. The issue is whether defendants as a matter of law had a duty to protect the plaintiff from an assault by an unknown third party on defendant National's parking lot.

Pauline and George Brown brought a negligence action against the defendants after Pauline was shot and seriously injured by an unknown assailant in National's parking lot. The Browns allege that the defendants have a duty to protect National's patrons both in the store and in the parking lot and that they breached that duty. Defendants denied that they have such a duty and filed a motion for summary judgment. The trial court granted the motion.

Appellants maintain that summary judgment should not have been granted because as a matter of law their petition properly stated a claim of actionable negligence. The petition asserts that while Pauline Brown was on the National premises she was assaulted, battered and shot by an

unknown assailant as a direct and proximate result of the negligence of the defendants. The petition also claims that in the two years prior to Mrs. Brown's assault there were sixteen incidents of reported robbery involving a firearm and seven incidents of reported strong arm robberies as well as 136 other reported crimes on the National's premises. Appellants maintain that this known criminal activity and conduct creates special facts and circumstances giving rise to a duty on behalf of the defendants to protect store patrons against assaults. Respondents deny that the reported robberies or other crimes create special circumstances giving rise to a duty on the part of defendants to protect Mrs. Brown from injuries caused by the criminal activities of an unknown third party.

Summary judgment is granted if the pleadings, depositions and admissions on file show that there is no genuine issue as to any material fact and that one party is entitled to a judgment as a matter of law. Rule 74.04(c). *Home Building Company v. City of Kansas City*, 609 S.W.2d 168, 172 (Mo.App.1980).

As to National the question here is whether as a matter of law a store owner, the security company it has hired under a contract to provide security services and an on-duty security guard have a duty to protect store patrons from criminal assaults by third parties when the store owner knows that repeated violent crimes have occurred recently on the premises.

Our court addressed this issue in *Meadows v. Friedman Railroad Salvage Warehouse*, 655 S.W.2d 718 (Mo.App.1983). In *Meadows* a woman was assaulted and shot on the warehouse premises. We there noted that while there is no general duty for the owner of a business to protect a plaintiff against the intentional criminal conduct of unknown persons, the duty can arise where special relationships or special circumstances exist. *Id.* at 721. Included among the special circumstances and facts there discussed was the frequent and recent occurence of violent crimes on the business premises. The court in *Meadows*

affirmed the dismissal for failure to state a claim because the person there did not "allege that *specific prior crimes occurred on the premises,* [or] that specific individuals committed violent acts on the premises ...." *Meadows* at 721. (emphasis added). In *Nappier v. Kincade*, 666 S.W.2d 858 (Mo.App.1984) we noted that if a business owner has notice, actual or constructive, of prior acts committed by third parties on the premises which might cause injuries to the patron he or she may be liable if reasonable care to provide appropriate precautions are not taken. *Id.* at 862. The court stated that in order to prevail under this rule a plaintiff must allege that specific crimes occurred on the premises. *Id.* at 862. In the case at bar the plaintiffs have attached and incorporated a detailed list of prior violent crimes that have occurred on National's premises.

■ Based on the legal theory approved in *Meadows* and *Nappier*, that a business owner may have a duty to patrons summary judgment as to National was error.

■ The question as to Sentry and its employee is whether they assumed a duty to plaintiff if, as alleged, they contracted with National to provide protection National may owe to its patrons. The cases do not clearly establish whether a security company or security guard working for a business owner under contract have a duty to protect patrons from crime. It is the general rule that a private person has no duty to protect another from a deliberate criminal attack by a third person. *Ford v. Monroe*, 559 S.W.2d 759 (Mo.App.1977). We find that Sentry may or may not have assumed such a duty when it entered into the security contract. *See Meadows* at 722. The existence of a duty will turn on the terms of the contract and the circumstances.

■ Plaintiffs allege in their amended petition that Sentry contracted with National to provide security against criminal activities for National *and its patrons.* (our emphasis). In effect plaintiffs claim that the contract between National and

Sentry is an attempt to perform National's previously established duty. The provisions of the contract are not in evidence. However, the National store manager testified by deposition that although he had never seen the contract he understood it to cover the area both inside and outside the store. T.G. Watkins, the security guard, stated in his deposition that he was never told to patrol the parking lot. As it is unclear whether the security company assumed any duty through the contract an issue of facts remain and summary judgment was error.

 Plaintiffs may be third party beneficiaries to this contract. As such they may sue in tort or contract for any contract breach by Sentry or its employees.

> Third party beneficiary is the nomenclature given to one who is not privy to a contract nor its consideration but to whom the law gives the right to maintain a cause of action for breach of contract. ... Only those third parties for whose primary benefit the contracting parties intended to make the contract may maintain an action. ... The intention of the parties is to be gleaned from the four corners of the contract, and if uncertain or ambiguous from the circumstances surrounding its execution.

*Laclede Investment Corp. v. Kaiser,* 596 S.W.2d 36, 41 (Mo.App.1980).

 Privity of contract is no longer always necessary to maintain a suit for breach of contract. *See Westerhold v. Carroll,* 419 S.W.2d 73, 76–79 (Mo.1967).

> [T]here are situations in which the making of the contract creates a relation between the defendant and the promise, which is sufficient to impose a tort duty of reasonable care ...
>
> ... Where an agent or servant has accepted the control of property under a contract with his principal, and under circumstances where there is an obvious risk of harm to outsiders if he does not use reasonable care, the obligation of

affirmative conduct has been imposed upon him.

W. Prosser, Law of Torts 623–624 (1971).

As a matter of law both National and Sentry *may* have a duty to protect National patrons from criminal assaults. Summary judgment was inappropriate because questions of fact remain.

We reverse the trial court decision for summary judgment and remand the cause for an action consistent with this opinion.

REINHARD and CRANDALL, JJ., concur.