**Willie REED,**
**Respondent-Cross-Appellant,**

**v.**

**HERCULES CONSTRUCTION COMPANY, Appellant-Cross-Respondent.**

**Nos. 48424, 48423.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Paul S. Brown, St. Louis, for respondent-cross-appellant.

Charles J. McMullin, St. Louis, for appellant-cross-respondent.

STEPHAN, Judge.

Plaintiff Willie Reed sued defendant Hercules Construction Co. (Hercules) in an action to recover damages for injuries from a gunshot wound. Reed was shot at a construction site by one of defendant's employees. Hercules was the general contractor for the project, and Reed was an employee of a subcontractor. Plaintiff sought actual and punitive damages for defendant's alleged failure to use ordinary care to make the construction site reasonably safe and for its "complete indifference to or conscious disregard for the safety of others." The trial court entered judgment on the jury's verdict of $30,000 actual damages, but, on defendant's motion, set aside the $100,000 punitive damages award. Both parties appeal.

Defendant's sole point on appeal alleges that plaintiff failed to make a submissible case on its claim for actual damages. Defendant maintains that plaintiff failed to show it had knowledge of facts which would give rise to a duty to protect plaintiff from this injury. We agree and reverse this portion of the judgment.

On appeal we view the evidence in the light most favorable to the verdict. *Briner Electric Co. v. Sachs Electric Co.*, 680 S.W.2d 737 (Mo.App.1984). We accept plaintiff's evidence as true, together with all reasonable inferences arising therefrom. *Yoos v. Jewish Hospital of St. Louis*, 645 S.W.2d 177, 183 (Mo.App.1982). Defendant's evidence is disregarded, except as it may aid plaintiff's case. *Id.* However, there must be substantial evidence to support each element of plaintiff's case because no verdict may rest on speculation or conjecture. *Tri-Continental Leasing Co. v. Neidhardt*, 540 S.W.2d 210, 211 (Mo.App.1976).

The event giving rise to this action took place on August 17, 1981. Plaintiff was working at the construction site for DeBow Electric, Co., the electrical subcontractor on the project. As he was walking to his assignment for the day, he passed some employees of defendant, who were working on a floor. One of those employees was Sam Bailey, a general laborer. Bailey was using a tool called a scraper, which was described as similar to a garden hoe, but with a straight blade. As plaintiff passed

the men, some words were exchanged between him and Bailey. Bailey stopped working and followed plaintiff to plaintiff's assigned station. Bailey kept the scraper in his hands. When they reached plaintiff's work station, more words were exchanged. There was evidence that this was an argument, but plaintiff characterized the encounter as joking. At some point plaintiff took the scraper from Bailey. Bailey then started to back away from plaintiff, and plaintiff followed. While he was moving, Bailey bumped into another worker. Plaintiff told this man to hit Bailey over the head with a hammer. Bailey kept moving, but only for a few feet. He then stopped, took out a gun, and shot plaintiff.

Defendant had no stated policy regulating the bringing of firearms to a job site. No signs prohibiting firearms had been posted, nor were any precautions taken to prevent employees from bringing them to the construction site.

The evidence also showed that defendant made no effort to investigate the background of its employees, or to determine whether they had criminal records. Bailey had been convicted twice. One of those convictions was for carrying a concealed weapon, earlier in 1981; the other was for stealing copper from a former employer. Bailey had also been involved in a shooting incident in 1976, in which he shot a Leroy Smith. No criminal charges were filed against Bailey as a result of that incident.

Plaintiff also testified that he had seen Bailey and another Hercules employee engage in target shooting with a hand gun on the job site some two to four months before this incident. The matter was reported to defendant's on-site supervisor, and there is no evidence that anything like it happened again.

Viewing the evidence in the light most favorable to the verdict, we find plaintiff failed to make a submissible case.

■ Ordinarily, there is no duty to protect against the intentional criminal conduct of a third person. *Meadows v. Fried-*

*man Railroad Salvage Warehouse,* 655 S.W.2d 718, 721 (Mo.App.1983). The duty arises only where there is a "special relationship" or "special circumstances." *Id.* A "special relationship" exists when one entrusts himself to the protection of another and reasonably relies on the other to provide a place of safety. *Nappier v. Kincade,* 666 S.W.2d 858, 861 (Mo.App.1984). The innkeeper-guest relationship is one example of a special relationship. *Virginia D. v. Madesco Investment Corp.,* 648 S.W.2d 881, 885 (Mo. banc 1983).

■ This is not a special relationship case. By no exercise of reason or logic could it be said that plaintiff, an employee of a subcontractor, had entrusted his welfare to the defendant, in the latter's capacity as the general contractor on the project. Similarly, plaintiff did not make a case of special circumstances. Such cases arise out of the defendant's knowledge of a dangerous condition, which imperils the plaintiff, as well as time and ability to prevent the attack. See *Nappier v. Kincade,* 666 S.W.2d 858, 861 (Mo.App.1984). The threshold question here is whether defendant knew or should have known of the dangerous condition, i.e. the violent propensities of its employee who shot plaintiff. Without such knowledge, defendant had no duty to take action to avert injury to the plaintiff. *St. John Bank & Trust Co. v. City of St. John,* 679 S.W.2d 399, 404 (Mo. App.1984). There is no evidence that defendant knew of Bailey's convictions or the 1976 shooting incident. While we do not ignore the target shooting incident, it was an isolated event two to four months prior to the shooting involved here. There was no proof that it endangered the safety of anyone. That an individual once participated in target shooting is hardly adequate grounds for a belief that he possesses dangerous propensities.

■ Plaintiff urges that failure of defendant to investigate Bailey's background provides a basis for liability. Under some circumstances, such as where the nature of the employment itself would facilitate the commission of wrongful acts against third parties, such a duty may exist. We decline

to hold, however, that an employer such as this defendant must conduct a background check on a job applicant before hiring him as a general laborer on a construction site. Furthermore, even if an investigation had revealed convictions for two non-violent crimes and a shooting incident which did not give rise to criminal charges, we are not satisfied that such knowledge would be sufficient to impose liability under the facts of this case.

Plaintiff failed to present evidence that would impose a duty on defendant to protect him from this injury. Because he failed to make a case for actual damages, *a fortiori* the court did not err in setting aside the verdict for punitive damages. Where there can be no recovery of actual damages, punitive damages may not be awarded. *Wilner v. O'Donnell*, 637 S.W.2d 757, 762 (Mo.App.1982).

Accordingly, the judgment for plaintiff for actual damages is reversed; the judgment for defendant notwithstanding the verdict for punitive damages is affirmed.

SIMON, P.J., and STEWART, Senior Judge, concur.