**David R. WARREN and Marie E. Warren, Respondents,**

v.

**The LOMBARDO'S ENTERPRISES, INC., Appellant.**

No. 49967.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 4, 1986.

Motion for Rehearing and/or Transfer Denied March 11, 1986.

Application to Transfer Denied April 15, 1986.

Patrick O. Boyle, St. Louis, for appellant.

William F. James, St. Louis, for respondents.

SMITH, Judge.

Plaintiffs appeal the trial court's order granting defendant's motion for summary judgment. We affirm.

Defendant operates a restaurant in north St. Louis. It has a parking lot next door and another one a block away. Valet parking is provided on the lot next door. Plaintiffs went to the restaurant for a meal. The lot next door was full and the attendants directed plaintiffs to park at the lot a block away. They did and while on this lot Mr. Warren was robbed and shot by an unknown assailant. Plaintiffs set forth in their second amended petition newspaper reports of six incidents of actual violent crime occurring in the general neighborhood over the three and one-half years prior to Mr. Warren's injury. All but one of these crimes involved armed robberies of financial institutions. The other crime was the robbery of an individual. None of the prior crimes occurred on defendant's property and no crimes on that property were specifically alleged in the petition or in plaintiffs' answers to interrogatories. There was no allegation that defendant was aware of the assailant's presence or that he was acting under the direction or control of defendant. Plaintiffs premised recovery upon defendant's failure to have an attendant or other surveillance system on the second lot and in failing to warn of the danger involved in using the second parking lot.

*In Meadows v. Friedman Railroad Salvage Warehouse*, 655 S.W.2d 718 (Mo.App. 1983) [1–4] we stated:

"In Missouri, the owner of a business property is not liable for misconduct or negligent acts of third persons unless the third persons are acting under direction or control of the owner, or where their actions could have been reasonably anticipated and guarded against.... There exists no general duty to protect a plaintiff against the intentional criminal conduct of unknown third persons."

In *Meadows, supra*, and in *Nappier v. Kincade*, 666 S.W.2d 858 (Mo.App.1984) we recognized that this general rule was subject to exceptions delineated as "special relationships" and "special facts." No "special relationship" as that term was identified in those cases is present here. In both those cases we recognized that "special facts" include those situations in which a known dangerous or violent individual is present (*Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. banc 1976)) or where an individual present on the premises has conducted himself so as to indicate danger and sufficient time exists to prevent injury (*Pizzurro v. First North County Bank & Trust Company*, 545 S.W.2d 348 (Mo.App. 1976)). In *Meadows* and *Nappier* we discussed cases from other jurisdictions holding that prior criminal acts on the premises constitute "special facts." We also stated that contrary cases exist. In neither case was it necessary to decide, nor did we decide, that prior criminal acts on the premises constituted "special facts" sufficient to invoke an exception to the general rule.

*Meadows* involved other criminal acts in the neighborhood but not on the premises. *Nappier* was premised on the conduct of an allegedly known assailant and sought recovery under the *Scheibel, supra* and *Pizzurro, supra* "special fact" situations. The case now before us presents essentially the same fact situation present in *Meadows* and for the same reasons the petition does not establish a duty by the landowner.[1]

Plaintiffs rely upon *Brown v. National Supermarkets, Inc.*, 679 S.W.2d 307 (Mo. App.1984). That case, purportedly on the authority of *Meadows* and *Nappier*, upheld a cause of action based on prior crimes on the same premises. In so holding the opinion relied upon the language of *Meadows* that plaintiffs had failed to allege that "specific prior crimes occurred on the premises." *Brown* equated this to a holding that had such an allegation been made a different result would have followed. In so equating, *Brown* ignored the subsequent language of the same paragraph "Such allegations are insufficient 'special facts' to create a duty on the part of defendants, *even in those jurisdictions upholding a duty where incidents of actual crime had occurred on the premises or nearby.*" *Meadows, supra*, [7]. (Emphasis supplied).

In *Meadows* and *Nappier* we recognized that the question of whether there exists a duty to guard against criminal activity is one of fairness and policy. In *Nappier* we identified the policy reasons for not imposing such a duty. *Nappier, supra*, [4]. While some of those policy questions are within the traditional judicial field, several are not. The responsibility for criminal activity is that of the criminal. Exceptions to the general rule are simply methods to place liability for the results of such irresponsibility upon one who bears no responsibility for the illegal conduct itself. Imposing tort liability on the landowner or business is basically a method to spread the risk of injuries from crime to the public as a whole, rather than to impose its burdens on the victims alone. Whether the economic consequences of the imposition of such liability are in the best interest of society is a matter of public policy which should properly be left to legislative determination. Whether it is wise to utilize tort recovery to implement such policy, thereby creating a duty on private citizens and businesses to undertake the governmental duty to protect citizens and possibly creating thereby a large private body of armed security guards, is also a determination for elected representatives. What standards of conduct by property owners and businesses will be necessary to satisfy this duty? Because it is virtually impossible to determine whether any particular protection would have prevented the crime, there is presumably no limit to the protection that could be required by juries in any given case. There are no established standards, therefore, by which a landowner could determine the actions he would be required to take to meet his duty under the law. The practical consequence would be to make him an insurer of his customers' safety. Courts are ill-equipped and were not designed to make these kinds of public policy determinations.

Plaintiffs further argue that because valet parking attendants were available at defendant's one lot, attendants were required at the second lot. This rests on the assumption that defendant voluntarily undertook a duty to protect plaintiffs and is liable for breach of that duty. That contention was not a part of plaintiffs' petition. Further, people hired to park cars are not security personnel, and their function is not protection of customers. No such alleged duty was undertaken at the place where plaintiffs parked and as we have held defendant was under no duty to provide such protection.

Plaintiffs further argue that they should be allowed an opportunity to amend their second amended petition. They made no such request to the trial court; they have

---

1. It is at least arguable that six violent crimes over a three and one-half year period does not constitute the area one of "high crime." Even that status does not invoke a duty of protection. *Irby v. St. Louis County Cab Company*, 560 S.W.2d 392 (Mo.App.1977).

had three tries at alleging a cause of action; five years after the incident (when the summary judgment was granted) they had failed to adduce any facts which would establish a cause of action even under *Brown;* they do not here set forth any basis for believing they could state a cause of action if given the opportunity. There is no basis for remanding to allow an amended petition to be filed.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.