SMITH, Judge.
Plaintiff appeals from the order of the trial court sustaining the motions to dismiss of each of the defendants. We affirm.
Plaintiff alleged that she was shot during the commission of a robbery. She was going to Carnegie’s at Soulard, a restaurant and drinking establishment. She had parked in an area described in the petition as “directly behind and adjacent to Defendant, Carnegie’s building.” This area was alleged to be “under the control of defendant Carnegie’s and defendant Anthony’s_” Defendants Sanfillippos were alleged to be “the owners of the property where the events herein mentioned occurred.” There were no allegations that the assailants were under the control of any defendant, were known to any defendant, or had ever been on the premises before. Nor was there any allegation that any defendant was aware of their presence prior to commission of the crime. There were allegations that eighteen incidents of crime had been reported on these premises in the three years preceding the incident involving Ms. Vorbeck. Twelve of these incidents were reported larcenies, six were reported burglary or forcible entries. Plaintiff premised recovery on seventeen charges of negligence which encompassed failure to protect plaintiff or warn her of danger.
We need not reach the contentions of defendants Anthony’s and Sanfillippos that plaintiff was not their invitee and so was owed no duty by them. Nor need we consider Carnegie’s argument that plaintiff was not on its premises when she was attacked obviating any duty on its part.
The law applicable to this case is set out in Meadows v. Friedman Railroad Salvage Warehouse, 655 S.W.2d 718 (Mo.App.1983), Nappier v. Kincade, 666 S.W.2d 858 (Mo.App.1984) and Brown v. National Supermarkets, Inc., 679 S.W.2d 307 (Mo.App.1984). Each discusses the “special circumstances” or “special facts” which supply an exception to the general rule that a landowner has no duty to protect a plaintiff *297 against the intentional criminal conduct of third parties. Each of those cases also discusses the “special circumstances” situation of prior violent crimes on the same premises held by some jurisdictions to invoke the exception. Each case recognizes that even where that “circumstance” allows recovery it is premised upon prior violent crime.
Plaintiffs allegations here do not allege any violent crime on the premises previously. The only crimes detailed are larceny and burglary. There are no allegations that any person was even present when the crimes occurred other than the perpetrator. These are not sufficient allegations to trigger the prior violent crimes “special circumstances” recognized in some jurisdictions.
The order of the trial court is affirmed.
CARL R. GAERTNER, P.J., and SNYDER, J., concur.