ADVANCE RENTAL CENTERS, INC.,
Plaintiff-Appellant,

v.

Philip BROWN, and Morelock-Ross
Builders, Inc.,
Defendants-Respondents.

Nos. 14911, 14914.

Missouri Court of Appeals,
Southern District.
Division One.

May 12, 1987.

Mark E. Fitzsimmons, Springfield, for plaintiff-appellant.

Glenn A. Burkhart, Springfield, for defendant-respondent Morelock-Ross Builders, Inc.

F. William Joyner, Springfield, for defendant-respondent Philip Brown.

HOLSTEIN, Judge.

Advance Rental Centers, Inc., (hereafter "appellant") brings this appeal from an order of the Circuit Court of Greene County, Missouri, dismissing its petition for failure to state a claim upon which the relief prayed for could be granted. For the reasons set forth herein, we affirm.

In determining the sufficiency of plaintiff's petition this court must give a liberal construction, all facts pled are treated as true and the petition is accorded those reasonable inferences fairly deducible from the petition. *Scheibel v. Hillis*, 531 S.W.2d

285, 286 (Mo. banc 1976); *Wilt v. Kansas City Area Transportation Authority*, 629 S.W.2d 669, 670 (Mo.App.1982) The petition contains the following allegations: In 1984 appellant rented a portion of a building located at 707 West Sunshine in Springfield, Missouri, from the defendant Philip Brown (hereafter "Brown"). Brown employed defendant Morelock-Ross Builders, Inc. (hereafter "Morelock") to make improvements to the premises. While the improvements were being performed, Morelock and Brown were alleged to have been negligent in failing to exercise ordinary care to secure a window located in an area adjacent to that portion of the building leased by appellant. An unknown third party entered the building through the window, and broke through a plasterboard wall, thus gaining entrance into appellant's business. The thief or thieves stole merchandise of the appellant valued in excess of $14,000.00.

The defendants each filed motions to dismiss which were sustained by the circuit court. This appeal followed.

A petition seeking damages for negligence must allege ultimate facts which show (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of the defendant to perform the duty, and (3) injury to plaintiff resulting from such failure. *Scheibel v. Hillis*, supra, 288; *Meadows v. Friedman Railroad Salvage Warehouse*, 655 S.W.2d 718 (Mo.App.1983).

There is no general duty to protect a party against the intentional criminal conduct of unknown third persons. *Meadows v. Friedman Railroad Salvage Warehouse, supra*, 721; *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 395 (Mo.App. 1977). However, there are situations in which one might reasonably anticipate a danger from intentional or criminal misconduct because he has brought the victim into contact or association with a person or persons whom he knows or should know to be particularly liable to commit criminal acts, and under circumstances which afford a peculiar opportunity or temptation for such misconduct. *Scheibel v. Hillis*, supra

288; Restatement (Second) of Torts, § 302B comment e (1965).

The duty described above arises where "special relationships" or "special circumstances" exist such that an act or omission exposes someone to an unreasonable risk of harm through the conduct of another. *Nappier v. Kincade*, 666 S.W.2d 858, 861 (Mo.App.1984); *Meadows v. Friedman Railroad Salvage Warehouse, supra*, 718.

■ "Special relationships" include those in which a party entrusts himself to the protection of another and relies on that person to provide a place of safety. Such relationships are usually delineated as those of innkeeper-guest, common carrier-passenger, school-student, and sometimes employer-employee. *Virginia D. v. Madesco Investment Corporation*, 648 S.W.2d 881 (Mo. banc 1983). *Meadows v. Friedman Railroad Salvage Warehouse, supra*, 721.

■ "Special circumstances" include those in which a known dangerous or violent individual is present or where an individual present has conducted himself so as to indicate danger, and sufficient time exists to prevent injury. See *Meadows* l.c. 721.

The Missouri Supreme Court has recently recognized a duty on the part of the landlord to protect its tenants from the negligent acts of third parties. That duty extends to requiring the landlord to make common portions of the leased premises reasonably safe. This includes the duty to take notice of known dangers and to institute needed corrective measures. *Jackson v. Ray Kruse Construction Company, Inc.*, 708 S.W.2d 664, 667 (Mo. banc 1986).

The court finds no Missouri case in which the relationship of landlord-tenant has been held to be a "special relationship" that might give rise to a duty by the landlord to protect the tenant from the criminal acts of third parties. The modern trend of authority has been to hold the landlord liable under special circumstances. Annotation, *Landlord's Duty to Protect Against Crime*, 43 A.L.R.3d 331 (1972). Thus, where a landlord had notice of repeated criminal activity on the premises, the portion of the premises where the criminal activity occurred was exclusively in the landlord's control, and where the landlord had the exclusive power to take preventative action but failed to do so, the landlord was held liable when his tenant became the victim of a criminal assault. *Kline v. 1500 Massachusetts Avenue Apartment Corporation*, 439 F.2d 477, 481 (D.C.Cir.1970).

In approaching the problem authorities have recognized that the duty is not determined so much by the foreseeability of the criminal act, but whether one party is in a superior position to be aware of the danger and to take measures to guard against it. In the final analysis the matter is one of policy. *Warren v. Lombardo's Enterprises, Inc.*, 706 S.W.2d 286 (Mo.App.1986); *Meadows, supra; Hyde v. City of Columbia*, 637 S.W.2d 251, 257 (Mo.App.1972); Zacharias, *The Politics of Tort*, 95 Yale L.J. 698, 743 (1986).

■ With these principles in mind we examine appellant's petition. The petition does not allege any "special circumstances" suggesting the defendants were in a superior position to be aware of criminal acts and guard against them. The petition does not suggest the existence of prior similar crimes which might have put the defendants on guard. Neither is there any allegation indicating that defendants had retained any control of that portion of the premises from which the theft had occurred. A wall had been constructed between the leased premises and that portion of the property under the control of defendant. The petition indicates the thief or thieves had to break down the wall, albeit plasterboard, to gain entrance to the appellant's business. There is nothing in the petition indicating that at the time the lease was entered into, or thereafter, Brown obligated himself to construct a wall more secure than an ordinary interior partition wall. We hold that in the absence of such allegations of special circumstances, no cause of action is stated against a landlord for a breach of duty to protect his tenant from criminal acts of third parties.

We are of the opinion the trial court did not err in its order sustaining the motions to dismiss. We therefore affirm the trial court's judgment.

CROW, C.J., and GREENE, P.J., concur.